UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE PUEBLITO AGUILAR ROMERO, (A222-633-256),

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-08467-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Mexico who entered the United States on an unknown date without being inspected by immigration officials. ECF No. 5 at 3 (I-213 Form). He was arrested and charged with three misdemeanors including Driving Under the Influence in Weber County, Utah on September 27, 2026. ECF No. 5 at 5 (I-213 Form). While in criminal custody for these charges, he was contacted by Immigration and Customs Enforcement ("ICE") agents. ECF No. 5 at 4. On September 28, 2026, Petitioner was served with a Notice to Appear ("NTA") administratively charging him with being removable for violating Sections 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 5 at 7-10. He is currently in

immigration detention at the California City Detention Center located in this judicial district.

On October 15, 2026, Petitioner filed the pending § 2241 challenging his detention on the basis that it violates the Fifth Amendment due process clause as well as the Immigration and Nationality Act because he has been denied a bond hearing before an immigration judge. ECF No. 1. By way of relief, Petitioner seeks immediate release. ECF No. 1 at 8.

Respondent acknowledges that this case is controlled by Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026), which holds that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). ECF No. 5 at 1. Respondent notes in passing that "Petitioner has [a] criminal history involving intoxicated driving," but does not explain how that impacts the appropriate relief in this case, nor do they provide his criminal Rap Sheet or any other primary source documentation to substantiate that allegation. ECF No. 5 at 1. Instead, Respondent relies on the criminal history information contained in the I-213 Form which indicates that Petitioner was convicted of misdemeanor Driving Under the Influence on December 17, 2024 and sentenced to 180 days in jail. ECF No. 5 at 4.

## II. Statutory Detention Authority

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever

////

he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

## III. Analysis

It is undisputed that Petitioner, as a noncitizen apprehended in the interior of the United States, is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) during his removal proceedings. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). This statutory provision provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d).

Petitioner has not received a bond hearing. In Respondent's answer, filed when Petitioner had already been in ICE custody for nearly a month, Respondent states that Petitioner "is entitled to see a custody redetermination hearing before an immigration judge." ECF No. 5. However, there is nothing in the record to indicate that Petitioner received notice that he could make such a request. For example, there is nothing indicating that Respondent undertook a custody determination through Form I-286, and served that form on Petitioner, which would have allowed him to request a bond hearing. Absent such notice, it appears Petitioner would have only learned about his ability to seek a bond hearing upon being served Respondent's answer. Petitioner cannot be expected to have availed himself of an administrative remedy about which he received no notice. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that in order to comply with due process "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance").

Petitioner was thus functionally denied the statutory protections under § 1226(a) for a period of over one month in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right"). In tailoring the remedy for this due process violation, the

Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). The undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's habeas corpus application (ECF No. 1) be granted on the due process claim for relief.

2. Respondent be ordered to immediately release Petitioner JOSE PUEBLITO AGUILAR ROMERO, (A222-633-256), from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE