UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PUEBLITO AGUILAR ROMERO (A-222-633-256),<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-08467-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 6) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 9, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 6.) On November 12, 2026, Respondent objected to the findings and recommendations "for the reasons stated in [Respondent's] Answer." (Doc. No. 7.) However, those arguments were already addressed and rejected by the magistrate judge in the case and the undersigned in other cases.

Specifically, the undersigned has found that due process relief is warranted for noncitizens who are detained under 8 U.S.C. § 1226(a) but have not been promptly provided with the

procedural protections they are entitled to under that statute. *See, e.g.*, *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026) (finding that the noncitizen's detention was improper because there was "no indication that the arresting officer [made] an initial custody determination and [permitted] the noncitizen to demonstrate that his release [was] proper," granting temporary restraining order and writ for habeas corpus, and ordering immediate release of the noncitizen); *Torrez Nolvin v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-08771-DC-CSK, 2026 WL 3408446 (E.D. Cal. Nov. 10, 2026) (granting temporary restraining order and writ of habeas corpus and ordering immediate release of noncitizen who was not promptly provided with a custody redetermination hearing before an immigration judge). Thus, Respondent's objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 9, 2026 (Doc. No. 6) are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Petitioner Jose Pueblito Aguilar Romero (A-222-633-256) shall be RELEASED IMMEDIATELY from Respondent's custody with the same conditions he was subject to immediately prior to his detention in September 2026. Respondent shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondent shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
    c. Within three (3) days from the date of entry of this order, Respondent shall FILE a notice of compliance with this court confirming that Petitioner has been released in

accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 13, 2026**

Dena Coggins
United States District Judge